Filed 12/10/21  P. v. Henderson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093255 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 17FE002908, 20FE003764) |
| v. | |
| RUDOLPH VALENTINO HENDERSON, JR,, | |
| Defendant and Appellant. | |

Defendant Rudolph Valentino Henderson, Jr., was charged in case No. 17FE002908 (908) with one count of willfully violating the registration requirement of Penal Code[1] section 290, in violation of section 290.018, subdivision (b).  On June 16, 2017, defendant pled no contest to the charge and in exchange for the plea, the trial court suspended imposition of sentence and placed defendant on five years' probation on condition that he serve 180 days in the county jail.

Subsequently, in case No. 20FE003764 (764), defendant was charged with stalking (§ 646.9, subd. (a) -- count one); possessing a controlled substance, cocaine base

---

[1]    Further undesignated statutory references are to the Penal Code.

1

(Health & Saf. Code, § 11350, subd. (a)) with one or more prior convictions requiring registration (§ 290, subd. (c) -- count two); possessing a controlled substance, heroin (Health & Saf. Code, § 11350, subd. (a)) with one or more prior convictions requiring registration (§ 290, subd. (c) -- count three); and possessing a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)) with one or more prior convictions requiring registration (§ 290, subd. (c) -- count four). On June 30, 2020, defendant pled no contest to counts one and two and in exchange for the plea, the trial court suspended imposition of sentence and placed defendant on five years' probation on condition that he serve 213 days in the county jail. The court issued a 10-year protective order protecting the stalking victim and ordered defendant to have no contact with the victim or the victim's family without prior permission of the probation officer.

Thereafter, a petition for revocation of probation in case No. 908 was filed based on use of controlled substances in April 2019, and the court sentenced defendant to an additional 30 days in jail and imposed additional terms of probation. Another petition for revocation of probation in case No. 764 was filed based on defendant's leaving a voice message directed to the stalking victim in August 2020, and the court subsequently sentenced defendant to an additional 120 days in jail. Petitions for revocation of probation in both case No. 908 and case No. 764 were filed on October 7 and 8, 2020, based on defendant's coming in contact with the victim. Following a contested hearing, the court found defendant in violation of probation in both cases.

The court sentenced defendant in case No. 764 to the aggravated term of three years on count one, stalking, in violation of section 646.9, subdivision (a), and to eight months on count two, possessing cocaine base in violation of Health and Safety Code section 11350, subdivision (a). The court sentenced defendant in case No. 908 to eight months for failing to register a new address in violation of section 290.018, subdivision (b). All sentences were ordered to be served consecutively for a total

sentence of four years four months. The court granted 676 days of custody credit and imposed various fines and fees.

Defendant timely appealed.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.


/s/
Robie, J.


We concur:



/s/
Blease, Acting P. J.



/s/
Mauro, J.

3